UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.

MINETTE THOMAS-DOTSON, on behalf of herself
individually and all others similarly situated,

                                   Plaintiff,

**FILED JUN 12 2014 USDC WP SDNY**

**CLASS ACTION COMPLAINT**

**14 CV 4224**

**JUDGE CASTEL**

            -against-

MED-REV RECOVERIES, INC.,

                                   Defendant.
------------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2. That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

1

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and is a defaulted debt allegedly owed to home furniture store Raymour & Flanigan.

8. That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a domestic business corporation.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That by letter dated September 19, 2013 defendant wrote to plaintiff in an attempt to collect a debt.

16. That defendant stated in the letter that defendant was attempting to collect a debt.

17. That defendant stated in the letter that the creditor of the debt was Raymour & Flanigan.

18. That in the caption of the letter defendant stated: 'FINAL NOTICE".

19. That in the body of the letter, defendant stated that it "believe[d] the debt to be just and legal" and further stated, in pertinent part:

> "we strongly urge you to contact this office IMMEDIATELY!
>
> You will, we are sure, want to avoid further collection action by sending us your check or money order for the above balance or make specific arrangement TODAY!
>
> Be advised, if we do not receive the balance as stated, or you fail to contact this office within ten (10) days from the date of this notice, your account may be forwarded to an attorney in your community, with instructions to proceed with action to insure payment of your delinquent account."

20. That plaintiff did not pay the debt after receipt of defendant's letter.

21. That plaintiff did not contact defendant after receipt of defendant's letter.

22. That by letter dated February 13, 2014 defendant again wrote to plaintiff in an attempt to collect the same Raymour & Flanigan debt.

23. That defendant's letter dated February 13, 2014 was in all material respects identical to the letter dated September 19, 2013.

24. That defendant's letter dated February 13, 2014 was also headed "FINAL NOTICE".

25. That defendant's letter dated February 13, 2014 also contained the same statements as in the letter dated September 19, 2013, which have been quoted in paragraph 19 above.

26. That a review of the electronic records of the New York State Unified Court System reveals that defendant has not filed an action against plaintiff to recover the debt.

27. That a review of the electronic records of the New York State Unified Court System reveals that no action has been filed against plaintiff to recover the debt.

28. That upon receiving defendant's letters, plaintiff believed that she was about to be sued if she did not pay the debt.

29. That upon receiving defendant's letters, plaintiff suffered fright, shock, emotional distress, fear, anxiety, irritation, sleeplessness and confusion.

30. That defendant's letter dated September 19, 2013 is attached as Exhibit 1.

31. That defendant's letter dated February 13, 2014 is attached as Exhibit 2.

AS AND FOR A FIRST CAUSE OF ACTION

15 U.S.C. §§ 1692e and 1692e(10)

*False, Deceptive and Misleading Final Notice Statement*

32. That plaintiff re-alleges paragraphs 1-31 as if fully re-stated herein.

33. That defendant stated in Exhibit 1 that Exhibit 1 was the final notice.

34. That this statement in Exhibit 1 was false, in that five months after sending Exhibit 1 defendant sent Exhibit 2, another collection notice, to plaintiff.

35. That Exhibit 2 is in the same form of letter as Exhibit 1.

36. That, like Exhibit 1, Exhibit 2 also stated that it is the final notice.

37. That defendant included the "final notice" language in its collection letters to scare consumers into believing that they must pay the debt immediately and that there would be no future opportunity for voluntary payment.

38. That such a belief would be erroneous since defendant knew that if consumers did not pay, defendant would simply send yet another practically identical collection letter affording another opportunity for voluntary payment.

39. That defendant's final notice language was meant to convey to consumers a false sense of urgency to pay the debt.

40. That defendant violated the FDCPA, including but not limited to §§ 1692e and 1692e(10), by falsely stating that Exhibit 1 was its final notice to plaintiff.

41. That defendant's final notice language in Exhibit 1 constitutes a deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§ 1692e and 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)

*False Threat of Suit*

42. That plaintiff re-alleges paragraphs 1-41 as if fully re-stated herein.

43. That in both Exhibits 1 and 2, defendant falsely threatened plaintiff that she would be sued for the debt.

44. That in both Exhibits 1 and 2 defendant stated that it believed the debt to be "just and legal" and "strongly urged" plaintiff to contact defendant "IMMEDIATELY!"

45. That in both Exhibits 1 and 2 defendant stated that plaintiff could avoid further collection *action* by sending a check or money order or by making specific payment arrangement "TODAY!"

46. That defendant further stated in both Exhibits 1 and 2 that if plaintiff did not pay the debt or contact defendant within ten days from the date of each letter, plaintiff's account "may be forwarded to an attorney in your community, with instructions to proceed with *action* to insure payment of your delinquent account." (Emphasis added).

47. That the overall purport of defendant's letters is to convey to plaintiff and the least sophisticated consumer that they should pay the debt immediately, or at a minimum pay the debt or contact defendant within the next ten days, failing which, their account would be sent to an attorney and a lawsuit would be filed against them.

48. That, however, in the five months which elapsed between Exhibits 1 and 2, no lawsuit had been filed against plaintiff to collect the debt, although plaintiff neither contacted defendant nor paid the debt.

49. That, further, in the four months which elapsed since the date on Exhibit 2, no lawsuit has been filed against plaintiff to collect the debt.

50. That defendant's statements in Exhibits 1 and 2 were meant to convey a false sense of urgency and to scare plaintiff into paying the debt before she was sued.

51. That defendant's statements constitute threats to take an action which was not intended to be taken, *viz*, the filing of a lawsuit, in violation of the FDCPA, § 1692e(5).

52. That defendant's said statements also constitute false, deceptive and misleading representations or means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§ 1692e and 1692e(10).

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL § 349

53. That plaintiff re-alleges paragraphs 1 to 52 as if fully re-stated herein.

54. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

55. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

56. That the collection letters defendant sent to plaintiff are mass-mailed form letters used by defendant.

57. That each year defendant sends its form collection letters containing the false, deceptive and misleading final notice language and threat of suit language to thousands of consumers within New York State, similar to the ones it sent to plaintiff.

58. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

59. That plaintiff suffered fright, shock, emotional distress, fear, anxiety, irritation, sleeplessness and confusion upon receipt of Exhibits 1 and 2.

60. That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

61. That plaintiff re-alleges paragraphs 1-60 as if fully re-stated herein.

62. That this action is brought on behalf of plaintiff and the members of two classes, Class A and Class B. Each class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as Exhibits 1 and 2; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10). The classes do not include defendant or persons who are officers, directors, or employees of defendant.

63. That Class A (the Final Notice Class) shall be further defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a collection letter concerning a consumer debt which letter states that it is the final notice, but to whom defendant sent a subsequent collection letter concerning the same debt, during the period from June 12, 2013 to and including June 12, 2014.*

64. That Class B (the False Threat Class) shall be further defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a collection letter concerning a consumer debt in substantially the same form as Exhibit 1 or Exhibit 2, from whom defendant received no contact concerning the debt after the sending of the letter and against whom no lawsuit was filed to collect the debt within two months following the date of the letter, during the period from June 12, 2013 to and including June 12, 2014.*

65. That pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, each class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to each class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim are whether defendant violated the FDCPA by using an improper final notice language and by falsely threatening a lawsuit in the event of non-contact by the consumer, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

    C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

    (D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of each class.

66.    That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of each class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of each class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

67.    That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

68.    That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

69.    That as a result of the above violations, defendant is liable to plaintiff and the members of each class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding individual statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      June 12, 2014.

 

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

MED REV Recoveries, Inc.
100 Metropolitan Park Drive
P.O. BOX 4712
SYRACUSE, NEW YORK 13221-4712
PHONE (315) 488-4219          OUTSIDE SYRACUSE: 1-800-390-9865
FAX (315) 488-4592

MINETTE THOMAS-DOTSON                                      Sep 19, 2013

BRONX, NY

| Creditor | Account # | Regarding | Amt Owed |
|---|---|---|---|
| RAYMOUR & FLANIGAN | ▮12 | | ▮ |

FINAL NOTICE

Since repeated requests for payment of this debt have been ignored and we believe the debt to be just and legal, we strongly urge you to contact this office IMMEDIATELY!

You will, we are sure, want to avoid further collection action by sending us your check or money order for the above balance or make specific arrangement TODAY!

Be advised, if we do not receive the balance as stated, or you fail to contact this office within ten (10) days from the date of this notice, your account may be forwarded to an attorney in your community, with instructions to proceed with action to insure payment of your delinquent account.

Yours truly,
MED-REV RECOVERIES, INC.

You can pay securely via PayPal on our website;
just go to www.medrevinc.com; or call us
Toll Free at (800) 390-9865 to make your payment
payment over the phone with your VISA, MASTERCARD,
AMERICAN EXPRESS or Check-by-Phone.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

# EXHIBIT 2

MED REV Recoveries, Inc.
100 Metropolitan Park Drive
P.O. BOX 4712
SYRACUSE, NEW YORK 13221-4712
PHONE (315) 488-4219        OUTSIDE SYRACUSE: 1-800-390-9865
FAX (315) 488-4592

MINETTE THOMAS-DOTSON                                        Feb 13, 2014
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
BRONX, NY ▬▬▬

| Creditor | Account # | Regarding | Amt Owed |
|---|---|---|---|
| RAYMOUR & FLANIGAN | ▬▬▬112 | | ▬▬▬ |

FINAL NOTICE

Since repeated requests for payment of this debt have been ignored and we believe the debt to be just and legal, we strongly urge you to contact this office IMMEDIATELY!

You will, we are sure, want to avoid further collection action by sending us your check or money order for the above balance or make specific arrangement TODAY!

Be advised, if we do not receive the balance as stated, or you fail to contact this office within ten (10) days from the date of this notice, your account may be forwarded to an attorney in your community, with instructions to proceed with action to insure payment of your delinquent account.

Yours truly,
MED-REV RECOVERIES, INC.

You can pay securely via PayPal on our website; just go to www.medrevinc.com; or call us Toll Free at (800) 390-9865 to make your payment over the phone with your VISA, MASTERCARD, AMERICAN EXPRESS, DISCOVER or Check-by-Phone.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.